UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAUL SANCHEZ, SANDRA MARIA
MARINO, and ISABELLA SANCHEZ,
by her next best friend,

                Plaintiffs,        Civil Action No. 13-10778
                                                 Honorable Sean F. Cox
v.                                         Magistrate Judge David R. Grand

BANK OF AMERICA, N.A., ("BANA"),
successor by merger to BAC HOME LOANS
SERVICING, LP, f/k/a COUNTRYWIDE
HOME LOANS SERVICING, L.P.,

                Defendant.

_____

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS [3]

**I.    RECOMMENDATION**

Before the court is Defendant Bank of America, N.A.'s ("Defendant") Motion to Dismiss [3] ("Motion"), which has been referred to this court for a Report and Recommendation pursuant to 28 U.S.C. § 626(b)(1)(B). [4]. For the reasons set forth below, the court RECOMMENDS GRANTING the Motion.

**II.    REPORT**

    **A.    Background**[1]

---

[1] For the purposes of this Motion, the court takes as true all well-pleaded factual allegations in Plaintiffs' Complaint [1 at Ex. A] and construes all reasonable inferences from those allegations in Plaintiffs' favor. *See, e.g.*, *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). The following facts are taken from Plaintiffs' pleadings and from the exhibits submitted by the parties in connection with the instant Motion, which comprise documents regarding the underlying foreclosure and partial eviction that are publicly available and/or integral to the allegations in the Complaint. *See id.* at 680-81 (when considering a motion to dismiss, "a court may consider 'exhibits attached [to the complaint], public records, items appearing in the record

This case arises out of the alleged partial eviction of Plaintiffs from real property located at 320 S. Bayside Street, Detroit, MI 48217 (the "Property"). (*See* Compl. ¶ 1). On June 16, 2006, Plaintiff Raul Sanchez took out a mortgage on the Property, which was subsequently assigned to Defendant. [3 at Ex. 4]. Due to non-payment of the mortgage, the Property was referred to foreclosure and a Sheriff's sale was held on June 16, 2010. [6 at 3; 3 at Ex. 4]. The redemption period for the sale expired six months later on December 16, 2010. [3 at Ex. 4]. On August 31, 2012, Defendant filed a complaint for possession of the Property in the State of Michigan's 36th Judicial District Court. (Compl. ¶ 1); [3 at Ex. 5; 6 at Ex. A]. On September 12, 2012, the Michigan district court entered a default judgment of possession against Plaintiff Raul Sanchez and all other occupants of the Property. (Compl. ¶ 2); [3 at Ex. 6; 6 at Ex. A].

Plaintiffs filed a motion to set aside the default judgment on September 27, 2012, which was denied on October 3, 2012. [6 at 4, Ex. A]. On October 16, 2012, Defendant filed an application for order of eviction. (Compl. ¶ 3); [3 at Ex. 7; 6 at 4, Ex. A]. Plaintiffs filed a motion for reconsideration of the judgment of possession on October 17, 2012, and on October 22, 2012, the Michigan district court denied that motion and signed the order of eviction in favor of Defendant. (Compl. ¶ 4); [3 at Ex. 7; 6 at 4, Ex. A]. On October 25, 2012, Plaintiffs filed an appeal of the judgment of possession, and paid the requisite filing fee and $200 appeal bond. (Compl. ¶ 5); [6 at Ex. A]. According to Plaintiffs, this appeal "act[ed] as a stay of proceedings." (Compl. ¶ 6). However, on October 30, 2012, the Michigan district court, rightly or wrongly, issued an order of eviction to a court bailiff for execution. [6 at 4, Ex. A].

---

of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment." (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008))); *Lupas v. U.S. Bank, NA*, No. 11-14584, 2012 WL 3758037, at *2-3 (E.D. Mich. Aug. 30, 2012).

Plaintiffs allege that "on or about November 7, 2012, Defendant, through its agents and assigns, caused the court bailiffs to evict Plaintiffs from their home by entering the premises and violently and recklessly, without due care, removing Plaintiffs['] personal property from the home, including but not limited to heavy appliances, furniture, bedding, clothing, and other various items, while Plaintiff Sandra Maria Marino and her minor children were present." (Compl. ¶ 6). Plaintiff Raul Sanchez was "contacted and rushed home to confront the bailiffs with the documentation that an appeal had been filed and bond posted, after which the bailiffs verified same and immediately left the premises in its destroyed state." (Compl. ¶ 7). He then, "as an added protection, on that same date . . . secured an order staying execution of the writ until November 15, 2012 [or] until further order of the court, and it was ordered that escrow be paid into the court." (Compl. ¶ 8); [3 at Ex. 8; 6 at Ex. A].[2]

On January 22, 2013, Plaintiffs filed the present Complaint in the Third Circuit Court for the County of Wayne, State of Michigan, raising two claims against Defendant in connection with their alleged partial eviction on November 7, 2012: (1) illegal lockout in violation of M.C.L. § 600.2918, and (2) negligent infliction of emotional distress. (Compl. ¶¶ 9-19). Plaintiffs requested "money damages for loss of personal property in an amount in excess of $25,000.00," "treble damages for the wrongful eviction pursuant to MCL 600.2918(1)," "damages for all Plaintiffs for Negligent Infliction of Emotional Distress all in excess of $25,000.00," and "costs, interest and reasonable attorney fees." (Compl. Relief Sought ¶¶ 1-4).

On February 25, 2013, Defendant removed the action to this District [1] and on March 4, 2013, filed the instant Motion pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs responded to the

---

[2] In their response to the instant Motion, Plaintiffs suggested that this stay order may have been sought at some point on November 7 before the eviction was underway. [6 at 5-6]. At the hearing, however, Plaintiffs' counsel confirmed the order of events set forth above.

3

Motion on April 1, 2013, requesting that the Motion be denied or, in the alternative, that they be allowed to amend the Complaint to state their claims "with greater specificity." [6 at 8]. Defendant filed its reply on April 11, 2013 [7], and this court held a hearing regarding the Motion on April 17, 2013.

    **B.    Legal Standard**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555-56).

As noted above, in deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Bredesen*, 500 F.3d at 527; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Nor is a court is required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

    **C.**    **Analysis**

        *1.*    *Plaintiffs Have Failed to State a Claim for Illegal Lockout Under M.C.L. § 600.2918*

Plaintiffs first claim that their alleged partial eviction from the Property violated M.C.L. § 600.2918. According to Plaintiffs, Defendant, "through its agents, unlawfully interfer[ed] with the right to peaceful possession of the premises by . . . [t]he use of force or threat of force" and "[t]he removal, retention or destruction of the personal property of the possessor." (Compl. ¶ 10).

Section 600.2918 provides, in relevant part:

> (1) Any person who is ejected or put out of any lands or tenements in a forcible and unlawful manner, or being out is afterwards held and kept out, by force, if he prevails, is entitled to recover 3 times the amount of his actual damages or $200.00, whichever is greater, in addition to recovering possession.
>
> (2) Any tenant in possession of premises whose possessory interest has been unlawfully interfered with by the owner, lessor, licensor, or their agents shall be entitled to recover the amount of his actual damages or $200.00, whichever is greater, for each occurrence and, where possession has been lost, to recover possession. Unlawful interference with a possessory interest shall include:
>
>> (a) The use of force or threat of force.
>>
>> (b) The removal, retention, or destruction of personal property of the possessor. . . .

The statute further provides that "[t]he provisions of subsection (2) shall not apply where the owner, lessor, licensor, or their agents can establish that he . . . [a]cted pursuant to court order." *Id.* § 600.2918(3)(a).

5

Plaintiffs do not make clear whether they intend to bring their claim for illegal lockout under subsection (1) or (2) of § 600.2918; their allegations track the language of subsection (2) (Compl. ¶¶ 10-11), but their requested relief identifies subsection (1) (Compl. Relief Sought ¶ 2). Under either subsection, however, Plaintiffs have failed to state a claim upon which relief can be granted.

First, the court notes that, as a general matter, it is questionable whether § 600.2918 applies in the context of a mortgagor-mortgagee relationship, as here. *See Nieporte v. Citimorgage, Inc.*, No. 11-10940, 2011 WL 3032331, at *6 (E.D. Mich. July 25, 2011) (concluding that "that the Michigan Supreme Court would refuse to apply" § 600.2918 to a mortgagor-mortgagee relationship because "there appears to be no [Michigan] case law" that has done so; "[r]ather, the cases in which the statute has been applied have involved only lessor-lessee or landlord tenant relationships"); *see also Reschke v. CitiMortgage, Inc.*, No. 11-12639, 2013 WL 625755, at *7-8 (E.D. Mich. Feb. 20, 2013) (noting that "[t]he statute is intended to prevent landlords from using force in self-help evictions" and concluding that "[i]t does not apply here, where the mortgagee has a legal interest in the property, and a right to foreclose when the mortgagor has defaulted on the loan").

Assuming the statute is applicable, however, Plaintiffs have still failed to plead a viable claim under it. It is well established that, to sustain a claim under § 600.2918(1),

> the entry or the detainer must be riotous, or personal violence must be used or in some way threatened, or the conduct of the parties guilty of the entry or detainer must be such as in some way to inspire terror or alarm in the persons evicted or kept out—in other words, the force contemplated by the statute is not merely the force used against, or upon, the property, but force used or threatened against persons, as a means, or for the purpose, of expelling or keeping out the prior possessor.

*Martorana v. Fed. Nat'l Mortg. Ass'n*, No. 11-10312, 2012 WL 124930, at *6 (E.D. Mich. Jan. 17, 2012) (quoting *Patterson v. Dombrowski*, 60 N.W.2d 456, 458-59 (Mich. 1953)). Here, Plaintiffs conclusorily allege "[t]he use of force or threat of force" during the partial eviction (Compl. ¶ 10); as Plaintiffs' counsel confirmed at the hearing, however, there is no allegation that any such force was used or threatened against any person. Accordingly, to the extent Plaintiffs intend to bring a claim under § 600.2918(1), it must be dismissed. *See, e.g.*, *Martorana*, 2012 WL 124930 at *6 (granting dismissal of § 600.2918(1) claim because "there is no claim of actual or threatened force or violence towards Plaintiff when his possessions were removed from the . . . property or during the time he and his adult children lived at that property"); *Montgomery v. Freddie Mac*, No. 10-11729, 2012 WL 6049085, at *3 (E.D. Mich. Aug. 31, 2012) (same), *adopted sub nom. Montgomery v. CitiMortgage, Inc.*, 2012 WL 6047236 (E.D. Mich. Dec. 5, 2012).

Section 600.2918(2) is also an unavailing vehicle for Plaintiffs' claim because the statute expressly provides immunity for actions taken "pursuant to court order." *Id.* § 600.2918(3)(a). Plaintiffs' allegations, and the docket from the Michigan district court foreclosure action [6 at Ex. A], make clear that the partial eviction was undertaken pursuant to an order of eviction signed and issued by the Michigan district court. Indeed, the Michigan district court's last act prior to the partial eviction taking place was to issue the order of eviction to a court bailiff for execution. [6 at 4, Ex. A at 9-10]. The bailiff's execution of that eviction order, therefore, falls squarely within subsection (3)(a)'s protections, and cannot give rise to liability on the part of Defendant here.

In arguing against application of subsection (3)(a)'s protections, Plaintiffs contend that the order authorizing their eviction should not have been issued and executed on October 30,

7

2012, because their October 25, 2012 appeal of the judgment of possession effected a "stay of proceedings."[3] (Compl. ¶ 6); *see* M.C.R. 4.201(N)(3)(b) ("The filing of a claim of appeal together with a bond or escrow order of the court stays all proceedings, including an order of eviction issued but not executed."). This argument is unavailing here, as "[t]he exception contained in section 600.2918(3)(a) covers all actions taken pursuant to a court order, regardless of the order's legal soundness." *Robinson v. Mich. Consol. Gas Co. Inc.*, 918 F.2d 579, 590 (6th Cir. 1990). Thus, even assuming that a stay should have been in place as Plaintiffs allege, and that the Michigan district court issued the eviction order in error,[4] this would not render Plaintiffs' claim for illegal lockout any more cognizable under § 600.2918(2). Accordingly, Plaintiffs' claim under M.C.L. § 600.2918 fails as a matter of law.

> 2. *Plaintiffs Have Failed to State a Claim for Negligent Infliction of Emotional Distress*

Plaintiffs next claim negligent infliction of emotional distress in connection with their alleged partial eviction. In support, they allege that Defendant "had a duty to exercise due care by verifying the existence of a valid writ of eviction before having its agents or assigns enter Plaintiffs' home and with force and violence, commence to dismantle, destroy and dispose of Plaintiffs['] property and putting Plaintiff's family in fear." (Compl. ¶ 14).

This claim likewise fails as a matter of law. First, courts have generally recognized that "[i]n Michigan, negligent infliction of emotional distress does not apply beyond the situation where the plaintiff witnesses negligent injury to a third person and suffers mental disturbance as

---

[3] The court need not accept this legal conclusion as true. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Howard*, 346 F. App'x at 51.

[4] That the Michigan district court issued the order of eviction five days after Plaintiffs filed their appeal calls into question whether their appeal and bond were, in fact, adequate to effect a stay of proceedings under M.C.R. 4.201(N)(3)(b). In light of the above, however, the court need not reach that question to conclude that Plaintiffs' claim under § 600.2918 fails as a matter of law.

a result." *Smith v. Bank of Am., N.A.*, No. 11-866, 2012 WL 1657349, at *4 (W.D. Mich. May 10, 2012) (citing *Duran v. Detroit News, Inc.*, 504 N.W.2d 715, 720 (Mich. Ct. App. 1993)); *see, e.g.*, *Waeschle v. Oakland Cnty. Med. Exam'r*, No. 08-10393, 2008 WL 4792515, at *2 (E.D. Mich. Oct. 29, 2008) (same); *Hurley v. Deutsche Bank Trust Co. Ams.*, No. 07-11924, 2008 WL 373426, at *4 (E.D. Mich. Feb. 12, 2008) (same); *In re Estate of Bandemer*, No. 293033, 2010 WL 3984653, at *4 (Mich. Ct. App. Oct. 12, 2010) ("A claim for negligent infliction of emotional distress is not predicated simply upon some negligent action that causes the plaintiff to suffer severe emotional distress. Rather, it is predicated upon the plaintiff's witnessing negligent injury to an immediately family member and suffering severe mental distress resulting in actual physical harm."). As noted above, however, Plaintiffs here do not allege any actual or threatened injury to any person in connection with the partial eviction; rather, their claim is based upon the alleged damaging and destruction of their personal property, and the emotional distress they suffered as a result of witnessing it.

Plaintiffs contend that their claim should be allowed to go forward under *Daley v. LaCroix*, 179 N.W.2d 390 (1970), and *Maldonado v. National Acme Co.*, 73 F.3d 642 (6th Cir. 1996). This court disagrees. *Daley* recognized that "a cause of action in tort exists notwithstanding the absence of physical impact on the plaintiff, if mental shock leads to definite and objective physical injury." *Waeschle*, 2008 WL 4792515 at *1; *see Daley*, 179 N.W.2d at 395. *Maldonado*, in turn, relied upon *Daley* to find that the plaintiff had a viable cause of action where "he claim[ed] injuries resulting from his fear for his own safety" that was caused by the defendant's negligence. *Maldonado*, 73 F.3d 645-46. As the cases cited above reflect, however, a number of courts have not recognized *Daley* and its progeny to expand the scope of Michigan's cause of action for negligent infliction of emotional distress, which Plaintiffs have alleged here.

9

*See Waeschle*, 2008 WL 4792515 at *1 ("The *Daley* court did not name th[e] cause of action [it recognized] 'negligent infliction of emotional distress'" and that case does not "deal[] with the issue before this Court: whether [plaintiff] has a viable claim for negligent infliction of emotional distress when there is no dispute that she did not witness a negligent injury to [a third party]."); *McNeil ex rel. McNeil v. Metinko*, No. 194595, 1998 WL 2016585, at *3 (Mich. Ct. App. Mar. 13, 1998) ("[R]ather than create a cause of action, [*Daley* and the cases following it] merely allow damages for emotional distress when the plaintiff has prevailed on a negligence cause of action.").

Furthermore, even under *Daley* and *Maldonado*, Plaintiffs have failed to plead a viable claim against Defendant. Plaintiffs allege that Defendant was negligent by failing to carry out its purported "duty to exercise due care by verifying the existence of a valid [order] of eviction" before the order's execution by the bailiff. (Compl. ¶ 14). Plaintiffs, however, identify no authority to support the notion that Defendant had or violated any such duty here, and their factual allegations do not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As Plaintiffs have explained, Defendant applied for the order of eviction on October 16, 2012, roughly two weeks after Plaintiffs' motion to set aside the judgment of possession was denied; the next day, Plaintiffs filed a motion for reconsideration regarding the judgment of possession. [6 at 4, Ex. A]. On October 22, 2012, the Michigan district court denied that motion and signed the order of eviction, which it then issued to the bailiff for execution on October 30, 2012—five days after Plaintiffs filed their appeal. [*Id.*]. Plaintiffs claim that the Michigan district court should not have issued the order in light of their appeal; to the extent this is true, however, Plaintiffs' allegations fail to show how any such error may have been attributable to Defendant, or how

10

Defendant somehow violated a legal duty it owed to Plaintiffs by not recognizing the alleged error or questioning the court's decision to issue the order. Plaintiffs' allegations of negligence against Defendant thus do nothing "more than create speculation or suspicion of a legally cognizable cause of action," *Bredesen*, 500 F.3d at 527; as such, they fail to state a claim upon which relief can be granted.[5]

### 3. *Plaintiffs' Request to Amend Their Complaint Should Be Denied*

Lastly, in their response to the instant Motion, Plaintiffs requested, as alternative relief, that the court grant them leave to amend their complaint. [6 at 8]. In making this request, Plaintiffs did not specify the precise nature of their proposed amendments, nor have they filed a copy of a proposed amended complaint pursuant to E.D. Mich. L.R. 15.1. When asked at the hearing to clarify this request, Plaintiffs' counsel indicated that Plaintiffs could amend their complaint to add as a defendant the bailiff who partially executed the order of eviction.

While, as a general matter, leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), the court should not allow a plaintiff to amend his complaint when the proposed "amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Murphy v. Grenier*, 406 F. App'x 972, 977 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). Here, Plaintiffs' proposed amendment would have no bearing on the dismissal of Plaintiffs' claims against Defendant as set forth above. While this court's recommendation does not preclude

---

[5] Due to a perceived ambiguity in Plaintiffs' allegations, Defendant also addressed, in the instant Motion, why Plaintiffs have failed to state a claim for intentional infliction of emotional distress. [3 at 9-10]. At the hearing, however, Plaintiffs' counsel confirmed that Plaintiffs' claim was, in fact, for negligent infliction of emotional distress only. Furthermore, even had Plaintiffs intended to bring a claim for intentional infliction of emotional distress, it would likewise merit dismissal, as Plaintiffs "do[] not allege facts that suggest [Defendant] engaged in extreme and outrageous conduct." *Smith*, 2012 WL 1657349 at *5.

Plaintiffs from bringing suit against the bailiff should they see fit, the court sees no reason to delay the disposition of the present action against Defendant for that purpose. Moreover, assuming the bailiff is a Michigan resident, it appears that this court would lack jurisdiction over Plaintiffs' state-law claims against him, as there would not be complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a). Either way, because Plaintiffs have not sufficiently shown that justice requires granting them leave to amend their complaint under Rule 15(a)(2), their request should be denied.

### III.   CONCLUSION

For the foregoing reasons, the court **RECOMMENDS** that Defendant Bank of America, N.A.'s Motion to Dismiss **[3]** be **GRANTED** and that Plaintiffs' complaint be **DISMISSED WITH PREJUDICE**.

Dated: May 22, 2013                                         s/David R. Grand
Ann Arbor, Michigan                                         DAVID R. GRAND
                                                            United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 22, 2013.

                                     s/Felicia M. Moses
                                     FELICIA M. MOSES
                                     Case Manager